SILVERMAN, Circuit Judge,
dissenting:
I respectfully dissent because the district court clearly erred in its treatment of a crucial piece of evidence, Tesoro’s Operations Manual. The manual clearly prescribed the precautionary measures that Tesoro was supposed to have taken—but unfortunately didn’t take—when unloading oil at the Port of Long Beach. The district court excused Tesoro’s failure to comply with its own manual on the ground that the manual was ambiguous. That ruling was clearly wrong.
Section O of Tesoro’s Operations Manual says this:
Ensure that oil spill containment boom is deployed around any vessel that will be transferring persistent oil: Maintain a standoff between the boom and the vessel. Persistent products include Lube Oils, All Crude Oils, Gas Oils, Fuel Oils.
With all due respect, there is nothing ambiguous in this language. The phrase “a 4’ standoff between the boom and the vessel” means just what it says—that there is to be a standoff of four feet between thé vessel and the boom. Likewise, the phrase '“around any vessel” means around any vessel. The manual does not say “partially *504 around” the vessel, or along one side of the vessel. Around means around. It could not be any clearer that Tesoro’s manual explicitly requires an oil spill containment boom to be maintained with a four foot standoff around a vessel that is transferring persistent oil. This requirement is not only obvious from the clear and unambiguous language, but is a matter of common sense when it comes to protecting the harbor.
The district court ruled:
I have looked at the manual and I don’t think the manual is at all clear that it requires a four-foot setoff at all sides around the vessel. It just says the containment boom should be deployed all the way around the vessel and that the would be a four-foot standoff. It does not say there should be a four-foot standoff all around the vessel. You can read it that way. It may say that, it may not say that. I don’t think it is clear.
The district court was flat wrong. The manual is perfectly clear, and it means exactly what it explicitly says.
Was this error harmless? Unfortunately, no.
The critical significance of the district court’s misreading of the manual manifests itself when it comes to the question of Tesoro’s duty. The district court ruled that the plaintiff failed to prove, as a matter of negligence law, what Tesoro’s duty was with regard to the placement of the boom. The district court’s ruling overlooks the California maritime regulation that says: “No terminal may conduct transfer operations except in accordance with an operations manual approved by the Division [of Marine Facilities of the California State Lands Commission].” 2 C.C.R. § 2385(a)(1). Thus, when Tesoro’s Operations Manual is read in conjunction with this regulation, it becomes apparent that the failure to follow the manual is a violation of the regulation.
Even if, despite § 2385(a)(1), a violation of the manual is not deemed negligence per se, Tesoro’s Operations Manual is, nonetheless, compelling evidence of what Tesoro’s duty of care was. See Powell v. Pacific Electric Railway Co., 35 Cal.2d 40, 46, 216 P.2d 448 (1950) (defendant’s operating rule was properly admitted as bearing on the standard of care defendant thought appropriate to insure the safety of others); see also Dillenbeck v. City of Los Angeles, 69 Cal.2d 472, 478-79, 72 Cal.Rptr. 321, 446 P.2d 129 (1968) (safety rules of employer admissible as evidence that due care requires course of conduct prescribed in the rule; “Such rules implicitly represent an informed judgment as to the feasibility of certain precautions without undue frustration of the goals of the particular employer.”) Of course, the manual’s value as proof of Tesoro’s duty depends entirely upon its being read correctly. The district court ruled that the manual was ambiguous, but it wasn’t.
I would reverse the district court and grant a new trial.